## Cleveland, C., C. & St. L. Ry. Co. v. John Brown.

1. INSTRUCTION—*Where the Evidence Fails.*—Where the evidence wholly fails to support a count in the declaration, a refusal to instruct the jury to find for the defendant on that count is error, but is not reversible error, when plaintiff's case is made out under other counts.

2. ABANDONMENT—*One of Several Counts.*—Where a plaintiff does not offer any proof as to one of the counts in his declaration, he may be regarded as abandoning that count so far as a recovery is concerned.

3. EVIDENCE—*Records Made by Another Person.*—It is not competent for a witness to testify as to what he has learned by reading a record made by another person.

**Memorandum.**—Action for damages done by fire. Appeal from the Circuit Court of Coles County; the Hon. J. C. HENLEY, County Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

NEAL & WILEY and GEO. F. McNULTY, attorneys for appellant.

F. K. DUNN, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action below was a case against the appellant to recover damages sustained by the appellee from fire which he alleged escaped from an engine of the company, fell upon his meadow, burned and destroyed it, and also a fence of rails. The declaration was in two counts. The first charged that the company negligently allowed dead grass, etc., to be upon its right of way and that sparks or fire from the engine fell upon the right of way, ignited the dead grass, etc., and passed from thence to plaintiff's premises. The second charged that sparks or fire from the engine fell upon the plaintiff's meadow, etc. The trial before the court and jury resulted in a verdict and judgment against the appellant company in the sum of $50, from which this appeal was perfected. The proof wholly failed to support the first

count; upon the contrary, the testimony in behalf of the plaintiff showed that the fire caught first in his meadow. An instruction directing the jury that their verdict as to the first count should be for the appellant company was refused. It ought have been given; here was absolutely no evidence tending to support the count; but we do not regard the refusal of the instruction as a fatal error. The plaintiff below did not attempt to prove anything relating to the condition of the right of way, but directed his evidence to the support of the allegations of the second count, practically abandoning the first. It would be highly unreasonable to suppose that the verdict of the jury rested upon or was at all influenced by the allegation of the first count, or that the appellant's rights were at all prejudiced by the refusal of the court to instruct the jury as asked. Courts of review reverse only for such errors as may have been prejudicial to the complaining party. C. C. R. R. Co. v. Hastings, 136 Ill. 225. We have examined the evidence and find that it amply supports the charge that fire was communicated to appellee's premises from an engine drawing one of appellant's trains. This by the force and effect of Sec. 104, Chap. 114, Revised Statutes, made a full *prima facie* case for the plaintiff.

It is, however, insisted that this *prima facie* case was rebutted and overcome by other evidence, and that the jury erred in finding otherwise. The engineer and fireman who manned the engine at the time testified as witnesses for the appellant, but neither had any personal recollection of the particular trip in question, and could only testify that they knew from their time book that they were then controlling the engine. They stated that they believed they managed the engine properly on that occasion, because it was their custom and habit to so discharge their duties, but as to what they actually did neither had any recollection.

The testimony relied upon to show that the engine and its appliances for arresting the passage of sparks was in good order, was that of the foreman of appellant's boiler shops at Mattoon. He testified, it is true, that the engine and its appliances were inspected and examined and found in good

order when it came in from the trip, but the cross-examination developed that he did not inspect nor even see the engine then, but was speaking from knowledge gained by reading a record made by some other person. The record was not produced. It was not competent for the foreman to testify as to its contents. In the face of the established fact that fire did escape from the engine to the appellee's premises, we can not say that the jury manifestly erred in finding that the *prima facie* case made for the plaintiff had not been overcome. The instructions as to the liability of the appellant under the second count are not complained of nor is it objected that the appellee was not damaged in the amount of the verdict. There is no legal reason for interference upon our part. The judgment is affirmed.